IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA GAIL GUNNOE,

        Plaintiff,

v.                                    CIVIL ACTION NO.   2:15-cv-12145

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Plaintiff Linda Gail Gunnoe's Complaint seeking review of the final decision of the Commissioner of Social Security ("Commissioner").  (ECF No. 2.)   By standing order filed in this case on August 14, 2015, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition (the "PF&R"). (ECF No. 4.)   Following Magistrate Judge VanDervort's retirement, the action was transferred to United States Magistrate Judge Omar J. Aboulhosn.   (ECF No. 5.) On May 27, 2016, Magistrate Judge Aboulhosn entered his PF&R, which recommends that this Court deny Plaintiff's request for judgment on the pleadings, (ECF No. 11), grant the Commissioner's request for judgment on the pleadings, (ECF No. 12), affirm the Commissioner's decision, and dismiss this case.   (ECF No. 15.)   Plaintiff filed timely objections to the PF&R on June 13, 2016 (the "Objections").   (ECF No. 16.)

For the reasons that follow, the Court **OVERRULES** the Objections, (ECF No. 16), **ADOPTS** the PF&R, (ECF No. 15), **DENIES** Plaintiff's request for judgment on the pleadings, (ECF No. 11), **GRANTS** the Commissioner's request for judgment on the pleadings, (ECF No. 12), **AFFIRMS** the decision of the Commissioner, and **DISMISSES** this action.

## I.     PROCEDURAL BACKGROUND

The facts concerning this matter are fully set forth in the PF&R and need not be repeated here at length. In short, Plaintiff filed an application for disability insurance benefits ("DIB") on April 10, 2012, alleging disability as of January 1, 2009, (ECF No. 9-6 at 2), due to diabetes, asthmas, hypertension/thyproid, carpal tunnel, and cholesterol, (*id.* at 6). The application was denied initially on August 7, 2012, (ECF No. 9-4 at 2), and upon reconsideration on October 12, 2012, (*id.* at 10–12).

A hearing was held before Administrative Law Judge Jack Penca (the "ALJ") on February 7, 2014. (ECF No. 9-2 at 33–78.)  On March 7, 2014, the ALJ issued an unfavorable decision.[1] (*Id.* at 11–21.) The Appeals Council denied review of the ALJ's decision on July 6, 2015.  (*Id.* at 2–5.)   Thereafter, on August 14, 2015, Plaintiff filed the Complaint in this Court.

---

[1] The ALJ found at step one of the "sequential evaluation" process that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2009 through her date last insured of December 31, 2011." (ECF No. 9-2 at 16.)  At step two, the ALJ found that Plaintiff has one severe impairment—asthma.  (*Id.*)   The ALJ also found that Plaintiff had "non-severe impairments," including diabetes, hypertension, high cholesterol, hypothyroidism, obesity, and GERD. (*Id.*)  At step three of the analysis, the ALJ found that through the date last insured, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 18.)  The ALJ next found that Plaintiff "had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c)," but reduced by certain exertional limitations.  (*Id.* at 18–20.)   Finally, the ALJ found at step four that Plaintiff was capable of performing past relevant work as a department manager.  (*Id.* at 20.)

2

## II. STANDARD OF REVIEW

### A. Review of the PF&R

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Review of the ALJ's Findings and Decision

Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."). Substantial evidence requires more than a scintilla, but less than a preponderance, of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). "In reviewing for substantial evidence, [the court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

Plaintiff bears the burden of proving to the Commissioner that she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5); *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993). "The term 'disability' means . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a five-step "sequential evaluation" process to evaluate a disability claim.[2] *See* 20 C.F.R. §§ 404.1520(a) & 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

---

[2] In *Hall v. Harris*, the Fourth Circuit provided the following description of the "sequential evaluation" analysis:

> Under the process the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work. By satisfying either step 3 or 4, the claimant establishes a prima facie case of disability. The burden then shifts to the Secretary and leads to the fifth and final inquiry in the sequence: whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job.

658 F.2d 260, 264–65 (4th Cir. 1981); *see also* 20 C.F.R. §§ 404.1520 & 416.920 (providing the "sequential evaluation" analysis).

### III. DISCUSSION

Plaintiff raises two objections to the magistrate judge's findings and recommendations in the PF&R. First, Plaintiff asserts that the magistrate judge mistakenly concluded that the ALJ did not err by failing to consider Plaintiff's depression and memory problems at step two of the analysis. (ECF No. 16 at 2–3.) Second, Plaintiff argues that the magistrate judge also erred in finding that the ALJ committed harmless error in failing to state the specific physical and mental demands of Plaintiff's past work as dictated by SSR 82-61 and 82–62. (*Id.* at 4–5.) For the reasons explained below, the Court **OVERRULES** Plaintiff's objections to the PF&R.

### A. *Step-Two Analysis: Severity of Plaintiff's Depression and Memory Problems*

Plaintiff argues that the ALJ ignored her complaints of depression and memory problems in his decision denying benefits. By doing so, she continues, he failed to follow the special procedures for evaluating mental impairments, and to consider the combined effect of her impairments in determining RFC.

Mental impairments require a distinct analysis under Social Security regulations. 20 C.F.R. § 404.1520a. The ALJ uses a "special technique" when evaluating the severity of a mental impairment. *Id.* Under this special technique, the ALJ first evaluates the "pertinent symptoms, signs, and laboratory findings to determine whether [the claimant] ha[s] a medically determinable mental impairment." *Id.* at § 404.1520a(b)(1). Next, upon a finding that the claimant has a medically determinable mental impairment, the ALJ must rate the degree of functional limitation resulting from that impairment. *Id.* at § 404.1520a(b)(2). Only then may the ALJ determine whether the mental impairment is a severe impairment. *Id.* at § 404.1520a(d). Further, as mental impairments are considered "non-exertional limitations," 20 C.F.R. § 404.1569a, they must be

5

considered in the ALJ's determination of the claimant's RFC even if they do not independently constitute a severe impairment under step two.

Even so, the duty to initially present evidence of a mental impairment is the claimant's, 20 C.F.R. § 404.1512, and the ALJ's obligation to employ the special technique is triggered only when the claimant first presents a colorable claim of mental impairment. *See Sesberry v. Astrue*, No. 3:08-cv-989-J-TEM, 2010 WL 653890, at *3 (M.D. Fla. Feb. 18, 2010) ("The failure of an ALJ to perform and document the special technique required for evaluation for a mental impairment requires remand of a case for further administrative proceedings; however such evaluation is required only wherein claimant has presented a colorable claim of mental impairment." (citing *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005)); *Bryant v. Astrue*, 2008 WL 2037421, at *10 (E.D.N.C. May 12, 2008) (finding claimant did not present a colorable claim of Gulf War Syndrome, his alleged mental impairment, and the ALJ therefore did not err in failing to perform the special technique); *cf. Elswick v. Colvin*, No. 2:14-cv-18358, 2015 WL 5476121, at *6 (S.D.W. Va. Sept. 17, 2015) ("Where the claimant has presented a colorable claim of mental impairment, as here, the failure to incorporate the special technique as described in 20 C.F.R. § 404.1520a(b)–(e) into the ALJ's decision warrants remand for further proceedings.").

A claimant shows a colorable claim of mental impairment by putting forth medical evidence of the impairment. 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); Social Security Ruling 96–4p ("[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings.").

6

With regard to her depression, Plaintiff has not presented a colorable claim of mental impairment. She did not allege depression as a disabling condition in her application, nor did she squarely present this impairment to the ALJ at the hearing as a basis for disability.[3] *Meyer v. Colvin*, 754 F.3d 251, 257 (4th Cir. 2014) ("[A]n ALJ 'is not obligated to investigate a claim not presented at the time of the benefits application . . . and not offered at the hearing as a basis for disability.'" (quoting *Halverson v. Astrue*, 600 F.3d 922, 934 (8th Cir. 2010)). The petitioner is tasked with raising an impairment with sufficient specificity to justify consideration, *id.*, and, again with regard to depression, Plaintiff failed to do so. Apart from two isolated assertions that she had, at some point in the past, refused counseling or medication for depression, Plaintiff did not offer further testimony on this alleged impairment.[4] "Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional

---

[3] In her opening statement offered at the hearing, Plaintiff's counsel summarized her client's impairments as follows: "Her diabetes and her asthma and also she has GERD. All of those things together and medications that she takes, which seem to have had the impact of affecting her memory, either the diabetes has affected her memory or the medication has, those things together required her to quit her job, because she just couldn't continue working." (ECF No. 9-2 at 37–38.) Counsel did not mention depression.

[4] With regard to depression, Plaintiff's testimony at the hearing was limited to the following:

> Q. And have you been treated for your anxiety?
>
> A. No. They wanted to give me some pills once also for depression. I've had some bouts of depression because of our financial situation and as far as my unable to do what I want to do. They wanted me to go on depression pills, and that – I just don't feel that's the route. That's not me.

(ECF No. 9-2 at 59.) Plaintiff repeated this assertion when questioned by the ALJ, indicating that she had refused counseling for depression. (*Id.* at 62.) Apart from these brief assertions that she had denied treatment for any depression symptoms she may have had, Plaintiff did not offer further testimony on her alleged depression impairment.

impairment." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)).

More importantly, Plaintiff completely failed to produce objective medical evidence supporting her allegation that she suffered from disabling depression prior to December 31, 2011, the date last insured. Plaintiff does not identify a single piece of medical evidence to support this impairment, and her medical records reveal that Plaintiff consistently denied depression at her routine medical appointments. (*See, e.g.*, ECF No. 9-9 at 3, 7, 13, 22, 29, 31, 33, 36.) Despite Plaintiff's testimony at the hearing, there is no medical evidence that she has sought or received psychiatric or psychological treatment for depression. Though Plaintiff faults the ALJ for not addressing her self-described and scattered references to "mental stress" or "mental pressure" in her Personal Pain Questionnaire and Adult Functioning Report, these forms are provided by the Social Security Administration and do not constitute medical evidence.[5] (*See* ECF No. 9-6 at 22–26 (Personal Pain Questionnaire); *id.* at 27–34 (Adult Functioning Report).) Further, as noted by the magistrate judge, any evidence gleaned from these forms postdates the date last insured, as Plaintiff completed the forms on April 13, 2012. (ECF No. 9-6 at 2 (listing date last insured of December 31, 2011).) "To qualify for DIB, a claimant must prove that she became disabled prior to the expiration of her insured status." *Johnson v. Barnhart*, 434 F.3d 650, 656 (4th Cir. 2005) (citations omitted). While Plaintiff indicated that some of her symptoms began four to six months prior, thus potentially placing their onset within the latter part of the relevant time period, there is no evidence that the impairments persisted for at least twelve months. 42 U.S.C. § 423(d)(1)(A).

---

[5] Furthermore, Plaintiff's Pain Questionnaire does not specifically mention either depression or memory loss. In response to the question, "How do your illnesses, injuries, or conditions limit your ability to work?" Plaintiff reported that she was "[s]tarting to get depression." (ECF No. 9-6 at 27.)

Plaintiff's alleged memory loss impairment fares no better. Again, though Plaintiff's counsel raised memory loss at the hearing as an adverse effect of Plaintiff's diabetes, Plaintiff has offered no medical evidence to support the claim that her memory loss is a medically determinable mental impairment. There are no signs or symptoms of ongoing memory loss in her medical records, *see* 20 C.F.R. § 404.1508, nor is there any indication that Plaintiff "was diagnosed with or received treatment by either a mental health professional or one of her treating physicians" for memory loss. *Sullins v. Shalala*, 25 F.3d 601, 604 (8th Cir. 1994) (finding in such circumstances, ALJ did not err by not including mental impairment in hypothetical question). There is simply no documented memory loss during the period of adjudication.[6] Plaintiff offered nothing more to support this mental impairment than her own subjective testimony.

Nor can the Court find, with this background in mind, that the ALJ erred by not discussing Plaintiff's depression and memory loss in his decision. "The ALJ did not mention Plaintiff's asserted mental impairment[s] in the body of his decision because he was not required to do so." *Sesberry*, 2010 WL 653890, at *5. Plaintiff did not establish a colorable claim of mental impairment on either of these asserted disabling conditions, and the ALJ's silence therefore cannot be erroneous.[7] *Id.*; *see Moten v. Astrue*, 2012 WL 983768, at *20 (M.D. Fla. Feb. 16, 2012) (finding the ALJ is not required to mention an asserted mental impairment in the body of his

---

[6] At the hearing, the ALJ noted the absence of medical evidence bolstering Plaintiff's claims of confusion and memory loss. (ECF No. 9-2 at 62.)

[7] Plaintiff objects to the magistrate judge undertaking a similar analysis, claiming that because the ALJ did not address these mental impairments, the magistrate judge's review of the record constitutes an impermissible "post hoc" determination. Whether or not the magistrate judge engaged in impermissible post hoc reasoning, this Court is obligated to conduct a de novo review to those portions of the PF&R to which objections are timely addressed. Accordingly, because the Court must review for itself the propriety of the ALJ treatment of Plaintiff's mental impairments, without reference to the magistrate judge's conclusion on that issue, this "post hoc" argument provides no independent basis for this Court to disturb the decision of the Commissioner.

9

decision where no mental impairment contributing to Plaintiff's ability to work existed); *Estrada v. Astrue*, No. ED CV 10-1843 PJW, 2011 WL 4946568, at *2 (C.D. Cal. Oct. 18, 2011) (ALJ was not required to employ the special technique because Plaintiff did not make the prerequisite showing that she had a medically determinable mental impairment.); *Bryant*, 2008 WL 2037421 at *10 (finding where claimant did not present a colorable claim of mental impairment, ALJ did not err in failing to perform the special technique).

The Court must also reject Plaintiff's argument that even if these impairments were not severe, the ALJ was required to take them into account in combination with her severe asthma impairment in determining whether she was disabled at step four. *See* 20 C.F.R. § 404.1523; *Wells v. Colvin*, 727 F.3d 1061, 1068–69 (10th Cir. 2013) ("[T]he ALJ must consider the combined effects of all medically determinable impairments, whether severe or not."). If the claimant does not have a medically determinable mental impairment, this regulation does not apply. In sum, Plaintiff did not put forward colorable evidence of a medically determinable mental impairment on either her alleged depression and memory loss; for this reason, her objection is overruled.

  *B. Step-Four Analysis: Demands of Past Relevant Work*

Plaintiff was denied disability benefits at step four of the evaluation process due to the ALJ's finding that she is capable of performing her past relevant work as a department manager. Plaintiff claims that the ALJ's step four decision is not supported by substantial evidence because it was not accompanied by specific findings of fact about the physical and mental demands of her past work as required by Social Security Ruling 82–62.

Upon assessing the claimant's RFC, the ALJ must compare the RFC to the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(f). Past relevant work is "work that [a claimant has] done within the past 15 years, that was substantial gainful

activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1). It is the claimant's burden to prove that she cannot perform her past relevant work. *See Pass*, 65 F.3d at 1203. If the claimant can still perform past relevant work, the ALJ enters a finding that she is not disabled. 20 C.F.R. § 416.960(b)(1).

A claimant will be found able to perform her past relevant work if she retains the RFC to perform the demands and duties of such work as she actually performed them or as generally performed in the national economy. SSR 82–61, 1982 WL 31387, at *1–2. Under Social Security Ruling 82-62, an ALJ's decision that a claimant has the capacity to perform past relevant work must be accompanied by the following specific findings of fact: "(1) A finding of fact as to the claimant's RFC, (2) a finding of fact as to the physical and mental demands of the past job, and (3) a finding of fact that the claimant's RFC would permit a return to her past job. SSR 82-61, 1982 WL 31386, at *4; *see Harris v. Sec'y, Dep't of Health and Human Servs.*, 866 F.2d 1415, *2 (4th Cir. 1989) (table decision) ("In reviewing disability claims, the [ALJ] must determine precisely the activities involved in the claimant's former job or occupation and the activities that the claimant is capable of performing." (citation omitted)).

Typically, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." SSR 82-62, 1982 WL 31386, at *3. However, the ALJ may enlist a vocational expert to "offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work . . . [and] offer expert opinion testimony in response to a hypothetical question about whether a person with [the claimant's RFC] can meet the demands of the claimant's previous work." 20 C.F.R. § 404.1560(b)(2); *see Linger v. Colvin*, No. 1:15-cv-107, 2016 WL 2766070,

at *17 (N.D. W. Va. Apr. 21, 2016) (holding that the ALJ supplies required findings of fact when he or she compares RFC with the vocational expert's testimony); *Hamm v. Colvin*, No. 4:14-cv-03590-RBH, 2016 WL 536742, at *4 (D.S.C. Feb. 11, 2016) ("[A]n ALJ may properly rely on the testimony of a vocational expert in lieu of himself describing the physical and mental demands of the past job."); *Williams v. Colvin*, No. 5:14-cv-400-D, 2015 WL 4275283, at *4–5 (E.D.N.C. Jun. 24, 2015) (finding the ALJ meets the demands of SSR 82-62 by relying on the vocational expert's properly supported testimony rather than explicitly describing the physical and mental demands of the claimant's past relevant work).

In this case, the ALJ determined prior to step four that Plaintiff possesses the RFC to perform at the medium exertional level with environmental limitations due to her asthma. (ECF No. 9-2 at 20.) Plaintiff does not challenge the RFC determination. During the hearing, Plaintiff's counsel as well as the ALJ elicited information from Plaintiff regarding the physical and mental demands of her past work as a department manager. Plaintiff had also previously completed a work history report which contained a detailed self-report of the demands of this work. (ECF No. 9-6 at 13–20.) The ALJ admitted this report into evidence at the hearing, (ECF No. 9-2 at 36), and the vocational expert testified that he had reviewed the entire file prior to initiating his testimony. (*Id.* at 73.)

During his testimony, the vocational expert identified the classification of Plaintiff's past work under the Dictionary of Occupational Titles. (ECF No. 9-2 at 73–74.) The vocational expert classified a department manager as a skilled occupation with medium range exertional demands. (*Id.* at 74.) The ALJ then asked the vocational expert if a person of Plaintiff's age, education, and work history with the Plaintiff's RFC could perform this job. (*Id.* at 74.) The

vocational expert responded that under this hypothetical, a person could perform Plaintiff's past relevant work. (*Id.*) In his decision, the ALJ found:

> In comparing the claimant's [RFC] with the physical and mental demands of this work, I find that the claimant was able to perform it as actually or generally performed. The vocational expert testified that an individual with the same limitations noted above can perform her past relevant work.

(ECF No. 9-2 at 20.)

The Court finds that the ALJ substantially complied with the procedures set forth in SSR 82-62.[8] The ALJ need not describe the physical and mental demands of a claimant's past work himself where he relies on the testimony of a vocational expert. *See Thompson v. Astrue*, 442 Fed. Appx. 804, 807 (4th Cir. 2011) (finding the ALJ "made the required findings [of fact]" when the ALJ questioned the vocational expert concerning the nature of the claimant's past relevant work, the vocational expert testified as to the skill and exertional levels of that work, and the ALJ compared the claimant's RFC to the vocational expert's testimony); *Hamm*, 2016 WL 536742, at *4 (holding the ALJ satisfied SSRS 82-62 by relying on and adopting the vocational expert's testimony). Even so, the record contains ample evidence, including the Plaintiff's work history report and her testimony at the hearing, of the specific physical and mental demands of her past employment. "Because Plaintiff detailed the physical and mental demands of her work, the ALJ was not required to repeat this information in [his] step four analysis." *Linger*, 2016 WL 2766070, at *18. To the extent the ALJ erred in failing to specifically discuss the demands of that

---

[8] The one case Plaintiff cites in support of her argument, *Koch v. Colvin*, No. 2:13-cv-6780, 2014 WL 2589590, at *28 (S.D. W. Va. Jun. 10, 2014) is readily distinguishable on its facts. In *Koch*, the ALJ determined at step four that the claimant could perform her past relevant work as a deli cashier. *Id.* However, his RFC determination limited the claimant to light exertional work, and the vocational expert's testimony revealed that several of the tasks normally conducted by a deli cashier were considered medium exertional work. Remand was required to address the discrepancy between the ALJ's RFC finding and the vocational expert's testimony. *Id.* at *29. Here, Plaintiff has identified no such discrepancy.

13

employment, the Court must find the error was harmless. Based on the ALJ's reliance on the vocational expert's testimony, the Court concludes that the ALJ's step four decision that Plaintiff could perform past relevant work was supported by substantial evidence.

### IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Objections, (ECF No. 16), **ADOPTS** the PF&R, (ECF No. 15), **DENIES** Plaintiff's request for judgment on the pleadings, (ECF No. 11), **GRANTS** the Commissioner's request for judgment on the pleadings, (ECF No. 12), **AFFIRMS** the decision of the Commissioner, and **DISMISSES** this action.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 23, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE